No. 849

TRUMBULL CLIFFS FURNACE CO v. SHACKOVSKY

Ohio Appeals, 8th District, Cuyahoga County
No. 4555. Decided Sept. 24, 1923

248. MASTER AND SERVANT.

Employe of sub-contractor injured by negligence of general contract or held latter's servant—Employe accepting state compensation from sub-contractor not precluded from suing general contractor.

## OHIO COURTS OF APPEAL—Continued

**384. WORKMAN'S COMPENSATION. Failure of sub-contractor to contribute to makes general contractor employer—Employe entitled to participate in state insurance to recover from third person injuring him.**

The Trumbull Cliffs Furnace Co. was an employer employing more than five men, and had complied with the workmen's compensation act. of this state as had the Truscon Steel Co. The former company had a general contract to erect a certain building and had let out to the latter a sub-contractor, the work of erecting the steel. Shackovsky, an employee of the Truscon Co., was crushed and permanently injured by the negligent operation of a crane by the Trumbull Co., the principal contractor. Shackovsky accepted compensation from his employer, the Truscon Co., who was in no way to blame for the accident, and then sued the Trumbull Cliffs Furnace Co . As plaintiff recovered a judgment for $10,000 error was prosecuted by defendant. In sustaining the judgment of the lower court, the Court of Appeals held:

1. That under the facts of this case, the injured employe was not an employe of the general contractor, but an employe of the sub-contractor.

2. The fact that an injured employe of a sub-contractor accept state compensation does not prevent him from suing the general contractor for negligence.

3. Under 1465-61 GC. an employe of a sub-contractor, except where the sub-contractor or independent contractor has failed to contribute to the state insurance fund, in which case the employe of the sub-contractor shall be deemed the employe of the general contractor, unless he recognizes the sub-contractor as his employer.

4. Where a person is injured while engaged in an occupation for his employer, under such circumstances that he would be entitled to compensation and receive his compensation from the state fund, he is not deprived of his right to maintain a suit against a third person who injured him, and the third person can neither plead a setoff nor any defense of the injured person's right to recover.